# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEIN O. VERNON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LARIOS,<br><br>　　　　　Defendant. | Case No. 5:22-cv-01457-SSS (MAA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

 This Report and Recommendation is submitted to the Honorable Sunshine Suzanne Sykes pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.　INTRODUCTION**

 On August 18, 2022, Plaintiff Markein O. Vernon ("Plaintiff"), a California state inmate, filed a *pro se* Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On August 29, 2022, District Judge Sykes granted Plaintiff's Request to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 2, 5.) After the Court screened and dismissed the Complaint ("Order Screening Complaint," ECF No. 6), Plaintiff filed a First Amended Complaint

("FAC") on September 28, 2022. (FAC, ECF No. 14.) Upon review of the FAC, the Court determined that it could be served upon the sole remaining defendant M. Larios ("Defendant") and ordered it served upon Defendant ("Service Order"). (Service Order, ECF No. 17.)

Before the Court are three motions filed by Defendant on December 29, 2022: (1) a Motion to Dismiss Without Prejudice or to Transfer Case for Improper Venue ("Motion to Dismiss," ECF No. 27), to which Plaintiff did not file an Opposition; (2) a Request for Screening (Req. for Screen., ECF No. 28), to which Plaintiff did not file an Opposition; and (3) a Request for Oral Argument (Req. for Oral Arg., ECF No. 29), to which Plaintiff filed an Opposition (Opp'n to Req. for Oral Arg., ECF No. 34).

The Court finds this matter suitable for decision without oral argument, *see* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15—particularly in light of Plaintiff's lack of opposition to the Motion to Dismiss and Request for Screening—and **DENIES** the Request for Oral Argument. For the reasons below, the Court **DENIES** the Request for Screening, and recommends that the District Court **GRANT IN PART AND DENY IN PART** the Motion to Dismiss and transfer this lawsuit to the Southern District of California.

II. **REQUEST FOR SCREENING**

In the Request for Screening, Defendant asserts that the FAC has not been screened by any court and requests that the Court or the assigned court in the Southern District of California—if the case is transferred per the Motion to Dismiss—screen the FAC pursuant to 28 U.S.C. §1915A ("Section 1915A"). (*See generally* Req. for Screen.)

Certain provisions of the Prison Litigation Reform Act of 1995—codified in Section 1915A and 28 U.S.C. § Section 1915(e)(2) ("Section 1915(e)(2)")—require courts to *sua sponte* conduct a preliminary screening of any civil action brought by

a prisoner, or in which a plaintiff proceeds IFP, and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that Section 1915(e)(2) "not only permits but requires" district courts to dismiss, *sua sponte*, "an in forma pauperis complaint that fails to state a claim"); *Resnick v. Hayes*, 213 F.3d 443, 446–47, 449 n.2 (9th Cir. 2000) (noting screening obligation under Section 1915A).

The Court is fully cognizant of its obligations under Section 1915A(b) and Section 1915(e)(2), and *sua sponte* screens every civil complaint (original and amended) filed by prisoners and IFP litigants prior to ordering service upon any defendant. In this lawsuit, the Court screened the original Complaint with leave to amend. (*See* Order Screen. Compl.) When Plaintiff filed the FAC, the Court reviewed the FAC and determined that it could be served upon Defendant. (Service Order 1.)[1] Defendant's Request for Screening is asking the Court to redo something it already has done and would end in the same conclusion.

Moreover, Defendant provides no legal basis for its Request for Screening, and the Court is not aware of any. Indeed, courts have rejected the propriety of such a motion. *See, e.g., Brooks v. Alameida*, No. 04-2059 H (JFS), 2005 U.S. Dist. LEXIS 64683, at *2, *17 (S.D. Cal. Sep. 6, 2005) (in response to Defendants' filing of Request for Screening, ordering Defendants to appear before the Court to show cause why, *inter alia*, sanctions should not be imposed against Defendants for filing an unauthorized pleading for the purpose of causing unnecessary delay, in violation of Federal Rule of Civil Procedure 11(b)(1), and holding that a Request for Screening is "not authorized by 28 U.S.C. § 1915(e)(2) and § 1915A(b)"); *Freeman v. Lee*, 30 F. Supp. 2d 52, 56 (D.D.C. 1998) (explaining that "a mere reading of 28

---

[1] Where docketed documents do not have numbered paragraphs, pinpoint citations are to the page numbers in the CM/ECF-generated headers.

U.S.C. § 1915A dispels any notion that it provides a basis for governmental defendants to seek a dismissal or to otherwise play a role in the screening process" and that "Section 1915(e) neither states nor suggests that its provisions provide a basis for governmental defendants to seek a dismissal").

Defendant's Request for Screening is **DENIED**.

### III. MOTION TO DISMISS

#### A. The Motion

Defendant moves for an order dismissing this action on the grounds that venue is improper, or in the alternative, to transfer the venue of the entire action to the United States District Court for the Southern District of California. (Mot. to Dismiss 1–2.)

#### B. Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(b)(3) provides that a party may move to dismiss a case for "improper venue." When the propriety of venue is challenged by a Rule 12(b)(3) motion, Plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in §1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under §1406(a)." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 56 (2013). The general federal venue statute, 28 U.S.C. § 1391(b) ("Section 1391(b)"), states that a civil action may be brought in one of three judicial districts: *first*, "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1); *second*, "a judicial district in which

a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," 28 U.S.C. § 1391(b)(2); or *third*, "if there is not a proper district under the first two provisions, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," 28 U.S.C. § 1391(b)(3).

28 U.S.C. § 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Assuming timely and sufficient objection to improper venue, transfer *or* dismissal is *mandatory*." Judge Virginia A. Phillips & Judge Karen L. Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & 9th Circuit Editions* § 4:576 (Apr. 2022 update). However, whether to dismiss an action for improper venue, or alternatively to transfer venue to a proper court, is within the discretion of the district court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). A dismissal for improper venue must be without prejudice. *See In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 804 (9th Cir. 1991).

**C. Discussion**

Defendant argues that venue in the Central District of California is improper because the sole Defendant resides in the geographical jurisdiction of the Southern District of California and the events giving rise to this lawsuit occurred in the Southern District of California. (Mot. to Dismiss 2.) The Motion to Dismiss is unopposed.

Here, the Central District of California does not satisfy any category of Section 1391(b). As to Section 1391(b)(1) (the judicial district where any defendant resides), the sole remaining Defendant resides in San Diego County. (M. Larios Decl. ¶ 2–3, ECF No. 27-1.) As to Section 1391(b)(2) (the judicial district in which a substantial part of the events or omissions giving rise to the claim

5

occurred), all the events in this lawsuit occurred at Richard J. Donovan Correctional Facility (*see generally* FAC), which is in San Diego County. *See* Facility Locator: Richard J. Donovan Correctional Facility (RJD), California Department of Corrections and Rehabilitation, https://www.cdcr.ca.gov/facility-locator/rjd/; Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Calvary Chapel of Ukiah v. Newsom*, 524 F. Supp. 3d 986, 1007 n.7–8 (E.D. Cal. 2021) (taking judicial notice of government websites). San Diego County—where Defendant resides and all the underlying events occurred—is in the Southern District of California. *See* 28 U.S.C. § 84(d). There is no basis for venue in the Central District of California under Section 1391(b).

As venue is improper, the Court must determine whether to recommend dismissal or transfer "in the interest of justice." *See* 28 U.S.C. § 1406(a). Defendant argues that the case should be dismissed because "the sole Defendant in this matter resides in the Southern District, and Plaintiff's allegations arose while he was housed at RJD, also located in the Southern District. Yet Plaintiff chose to file this action in Central District, subjecting the Defendant and this Court to undue burden." (Mot. to Dismiss 5.)

The Ninth Circuit generally takes a "broad view of when transfer is appropriate, recognizing that '[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp., Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). "[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." *Id*. The Ninth Circuit has "rarely found that transfer would not serve the interest of justice." *Id*.

Here, Plaintiff currently is—and was when he initially filed this lawsuit—housed at California Institute for Men, in Chino, California (Compl. 2; FAC 2) in San Bernardino County. *See* City Information, The City of Chino, https://www.cityofchino.org/452/City-Information; Fed. R. Evid. 201(b)(2). San Bernardino County is in the Central District of California. 28 U.S.C. § 84(c)(1). Courts in the Ninth Circuit "ordinarily find transfer to be in the interest of justice where, as here, the plaintiff[] appear[s] to have been 'unaware of or confused about the proper forum in which to file [his] action.'" *Munns v. Kerry*, 782 F.3d 402, 415 (9th Cir. 2015) (quoting *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir. 2006)); *see also Amity*, 793 F.3d at 996 ("[T]ransfer will often serve as a means to prevent the injustice of penalizing a party for an honest procedural mistake."). The Court concludes that transfer to the Southern District of California is in the interest of justice.

## IV.  RECOMMENDATION

Consistent with the foregoing, **IT IS RECOMMENDED** that the District Court issue an Order:

1. Accepting this Report and Recommendation;
2. Granting in part and denying in part the Motion to Dismiss as follows:
    a. Denying the request to dismiss the lawsuit for improper venue; and
    b. Granting the alternative request to transfer the lawsuit to the Southern District of California; and
3. Directing the clerk to transfer the case to the Southern District of California.

DATED: March 23, 2023

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE