UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEIN O. VERNON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>M. LARIOS,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv787-JO (MSB)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL [ECF NO. 50]** |

## I.　　RELEVANT BACKGROUND

Plaintiff Markein O. Vernon ("Plaintiff") is incarcerated in state prison and proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 18, 2022, Plaintiff initiated this lawsuit in the Central District of California. (ECF No. 1.) After the court screened and dismissed his Complaint, Plaintiff filed a First Amended Complaint ("FAC") asserting one Eighth Amendment claim; Plaintiff alleges that on October 7, 2020, correctional officers placed him in restraints and another inmate subsequently assaulted him. (ECF No. 14 at 6–9.) Thereafter, the court determined the FAC raised a cognizable constitutional claim and could be served upon Defendant M. Larios ("Defendant"). (ECF No. 17.) On April 28, 2023, the United States District Court for the Central District of California granted Defendant's unopposed motion to transfer the lawsuit to the United States District

Court for the Southern District of California due to improper venue. (ECF No. 47.) Now pending before this Court is Plaintiff's June 5, 2023, "Request for Appointment of Counsel" ("Motion to Appoint Counsel"). (ECF No. 50.) For the reasons set forth below, the Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel.

## II.   MOTION TO APPOINT COUNSEL

Plaintiff initially filed a request for appointment of counsel in the Central District of California on February 23, 2023, which the court denied on February 27, 2023. (ECF Nos. 38 & 39.) At the time, Plaintiff asserted that he: (1) was indigent and unable to afford counsel; (2) had demonstrated a likelihood of succeeding on the merits of the case; (3) was uneducated in the law with only a high school education and had exhausted the prison law library's resources; and (4) took medications due to mental illness, which rendered him unable to understand the law relevant to his case. (ECF No. 38.) Magistrate Judge Maria A. Audero denied the request, reasoning that Plaintiff had "not met his burden to show the existence of exceptional circumstances" as to both factors— likelihood of success on the merits and ability to articulate claims. (ECF No. 39 at 2.)

In the instant Motion to Appoint Counsel, Plaintiff reasserts that he is indigent and unable to afford counsel and that his mental health issues prevent him from litigating this matter fully. (ECF No. 50 at 1–2.) In support, Plaintiff says he is "an ADA recognized member due to his cognitive abilities" and attaches October 2020 psychiatric reports. (Id. at 2–8.) Additionally, Plaintiff asserts that he has received voluntary assistance on all filings for this case, including the instant Motion, from fellow inmates who now say they will no longer assist him. (Id. at 1–2.) Finally, Plaintiff argues that his prison work schedule conflicts with time he needs to meaningfully use the law library, thus denying him meaningful access to the courts. (Id.) Plaintiff claims that this affects his liberty interest because if he chooses to spend time in the law library rather than on his assigned work, "he would be subject to CDCR's progressive disciplinary sanctions" and lose accrued credit already earned towards shortening his sentence. (Id. at 2.)

### III. LEGAL STANDARD

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant "may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Additionally, there is no constitutional right to a court-appointed attorney in cases filed by inmates arising under 42 U.S.C. § 1983. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). While 28 U.S.C. § 1915(e)(1) gives district courts discretion to "request" that an attorney represent indigent civil litigants, it may only be exercised upon a showing of "exceptional circumstances." Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). Courts must review both factors before deciding whether to appoint counsel, and neither factor is individually dispositive. Id.

### IV. ANALYSIS

**A. Likelihood of Success on the Merits**

The U.S. District Court for the Central District of California denied Plaintiff's previous request for appointment of counsel in part because Plaintiff failed to demonstrate a likelihood of success on the merits in this case. (ECF No. 39 at 2.) Plaintiff now renews his request without providing new evidence demonstrating a likelihood of success. (ECF No. 50.) Though the previous court found that Plaintiff's FAC raised a cognizable constitutional claim (ECF No. 17), it is still premature for this Court to determine the strength of Plaintiff's arguments. See e.g., Arellano v. Blahnik, No. 16cv2412-CAB-RNB, 2018 WL 4599697, at *2 n.1 (S.D. Cal. Sept. 25, 2018) (denying motion to appoint counsel because "[a]lthough plaintiff's . . . claim survived defendant's

motion to dismiss, it is still too early to determine the likelihood of success on the merits"); Hearn v. RJD Warden, No. 22cv255-TWR-DDL, 2022 WL 17407996, at *2 (S.D. Cal. Dec. 2, 2022) (when the plaintiff's claims remain unproven at early stages of proceedings, "there is no basis upon which the Court can predict Plaintiff's success at trial."). Therefore, Plaintiff fails to satisfy the first factor of the Wilborn test. See, e.g., Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding that where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to satisfy the first Wilborn factor).

### B. Plaintiff's Ability to Articulate Claims

Furthermore, the previous court concluded that Plaintiff's single "Eighth Amendment claim against one Defendant arising from a single incident" was not inherently complex and that Plaintiff was able to clearly articulate his claims despite his asserted mental illness. (ECF No. 39 at 2.) Plaintiff now states that his previous filings in this case—including the instant Motion to Appoint Counsel—were authored by fellow inmates who volunteered to help Plaintiff, but who are no longer willing or able to do so. (ECF No. 50 at 1–2.) Plaintiff further argues that "[t]he issues involved in this case are too complex for the plaintiff because plaintiff is an ADA recognized member due to his cognitive abilities which are severely impacted by his limiting and debilitating mental health issues which are documented in the attached CDCR records." (Id. at 1.)

While Plaintiff does not explicitly request a competency hearing, "[a] party proceeding *pro se* in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). Exactly what constitutes "substantial evidence" is not specifically denoted in Allen; however, courts may consider evidence such as sworn declarations and letters from treating psychiatrists. Id. at 1151–53. In Allen, the Ninth Circuit found substantial evidence of incompetency where the petitioner submitted his own sworn declaration and another inmate's declaration explaining petitioner's mental illness and

inability to understand the court's orders, as well as a letter from the petitioner's psychiatrist detailing his diagnosed schizophrenia and medications. Id. at 1153.

Here, Plaintiff has not demonstrated substantial evidence of incompetency, providing only vague allegations of reduced cognitive abilities in his Motion to Appoint Counsel and psychiatry records from October 2020. (ECF No. 50 at 3–8.) Though the psychiatric records show, similarly to Allen, that Plaintiff has "schizoaffective disorder bipolar type" and takes prescription medication for treatment, the psychiatrist's notes also state that Plaintiff's judgment and insight are "good" and Plaintiff's impulse control is "intact." (Id. at 5.) Medical records used as evidence when seeking a competency hearing must demonstrate the diagnosis' effects on the inmate's ability to litigate their case. See Meeks v. Nunez, No. 13cv973-GPC-BGS, 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017); West v. Dizon, No. 12cv1293-DAD-P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014); McElroy v. Cox, No. 8cv1221-JM-AJB, 2009 WL 4895360, at *3 (E.D. Cal. Dec. 11, 2009) (all finding insufficient evidence for a competency hearing where the individual failed to link diagnosis of a mental disability to their ability to effectively articulate claims). Because Plaintiff's medical records contain no discussion of the diagnosis' effects on Plaintiff's ability to litigate or understand this case, he has not satisfied the substantial evidence standard.[1]

Moreover, the information before the Court suggests that this is a relatively straightforward Eighth Amendment case that does not exceed Plaintiff's abilities. To date, Plaintiff has been able to articulate his arguments, communicate with the Court, and navigate civil procedure without legal counsel. He has survived screening and a motion to dismiss, opposed Defendant's request for oral argument, and filed two motions for appointment of counsel. (See ECF Nos. 14, 34, 38, & 50.) Now ten months

---

[1] Because this Motion is dismissed without prejudice, the Court is receptive to further documentary evidence that specifically demonstrates a nexus between Plaintiff's mental conditions and his ability to litigate the matter at hand.

after filing his Complaint, Plaintiff declares for the first time that he has not authored any of the pleadings filed on his behalf and is unable to continue the litigation due to mental incapacity. (ECF No. 50 at 1–2.) Plaintiff fails to submit any declarations from other inmates who have allegedly assisted him in the litigation, or otherwise demonstrate why he is suddenly unable to proceed. See Montano v. Solomon, No. 7cv800-KJN-P, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying a motion to appoint counsel where plaintiff "adequately presented, albeit through another inmate, the salient factual allegations").

Based on the foregoing, Plaintiff has not established that this case is "exceptional" or that the issues in it are particularly complex. Other factors like indigency, incarceration, and being untrained in the law are difficulties that any imprisoned litigant would have in proceeding *pro se*; although the Court is sympathetic to these circumstances, they are not exceptional factors. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); Sanford v. Doe, No. 8cv1049-H-PCL, 2009 WL 10659695, at *2 (S.D. Cal. Sept. 17, 2009) (denying appointment of counsel where plaintiff argued an attorney would "better enable" him to present evidence and cross-examine witnesses due to an overall lack of exceptional circumstances).

### C. Access to Courts Claim

Plaintiff's Motion to Appoint Counsel also asserts an access to the courts claim based on his prison work schedule conflicting with time that he would otherwise spend in the law library litigating his case. (ECF No. 50 at 1–2.) The Supreme Court has held that it is "beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). The Bounds Court explained this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. However, to pursue such a

claim a plaintiff must demonstrate he has suffered an "actual injury" by showing that "shortcomings in the prison library or legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." Lewis v. Casey, 518 U.S. 343, 343 (1996).  An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348 (omitting internal citation and quotation marks).  Lack of access to the law library can be grounds for an actual injury, as inmates must be provided with a "reasonable amount of time in the law library," in addition to writing materials and postage for communication with courts. Gluth v. Kangas, 951 F.2d 1504, 1508–1510 (9th Cir. 1991).  Individuals have the "right not to be arbitrarily prevented from lodging a claimed violation of a federal right in a federal court." Lewis, 518 U.S. at 381 (Thomas, J., concurring).

Here, Plaintiff contends that the prison's inmate employment program prevents him from being able to effectively litigate his claim, in that the prison prioritizes his employment over his use of the law library because the latter is considered a "leisure activity." (ECF No. 50 at 1–2.)  Plaintiff seems to argue that appointment of counsel is necessary because his work schedule prevents him from spending as much time as he would like in the law library.  However, Plaintiff has met all filing deadlines to this point and has not shown that he has suffered actual prejudice. See Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that a failure to show that a non-frivolous claim has been frustrated is fatal to a Bounds claim).  Plaintiff fails to explain what aspects of his prison work schedule go beyond "the incidental (and perfectly constitutional) consequences of conviction and incarceration[,]" thereby preventing him from litigating his case. Lewis, 518 U.S. at 355.  Thus, Plaintiff fails to state an actual injury and his access to the courts argument fails.[2]

---

[2] Nonetheless, the Court is sympathetic to the challenges of litigating a civil case *pro se* while incarcerated.  Should Plaintiff require additional time to meet a specific deadline, he may file a motion

### V. CONCLUSION

The evidence before the Court does not demonstrate that Plaintiff enjoys a likelihood of success on the merits or that he is unable to articulate his claims without the assistance of an attorney. Accordingly, the Court finds Plaintiff has failed to make the requisite showing of exceptional circumstances. Further, Plaintiff has not shown that he has suffered an actual injury to prevail on an access to the courts claim. The Court **DENIES without prejudice** Plaintiff's Motion to Appoint Counsel.

**IT IS SO ORDERED**.

Dated: July 7, 2023

Honorable Michael S. Berg
United States Magistrate Judge

---

for an extension of time setting forth good cause for the extension of that deadline. See, e.g., Carroll v. Warden, No. 19cv2126-BAS-KSC, 2021 U.S. Dist. LEXIS 93469, at *5 (S.D. Cal. May 17, 2021) (denying request for law library access but noting that, "to the extent restricted access to resources impede Plaintiff's ability to prosecute this action going forward, he may seek extensions of time to comply with court-ordered deadlines").